and soap powder on the steps. Judgment as corrected and order denying defendant's motion to set aside the verdict unanimously affirmed, with costs. (*Shearod* v. *Forty-first & Park Avenue Corporation*, 254 N. Y. 618; *Wakeman* v. *New York, N. H. & H. R. R. Co.*, 272 id. 625; *O'Leary* v. *Standard Oil Co.*, 265 id. 627.) The error in respect of claimed admissions made by the janitor concerned alleged statements which were helpful rather than hurtful to the defendant, and, therefore, involved no prejudicial error. Present — Hagarty, Carswell, Johnston, Adel and Taylor, JJ.

In the Matter of the Application of JOSEPHINE RANDALL to Construe the Last Will and Testament of CHARLES AMMANN, Deceased. JOSEPHINE RANDALL, and FIRST NATIONAL BANK AND TRUST COMPANY OF TUCKAHOE, Substituted Trustee, etc., of CHARLES AMMANN, Deceased, Respondents; CARL AMMANN and GEORGETTA O. HARRIS, Appellants. (Appeal No. 1.) — Proceeding to construe the last will and testament and codicil thereto, of Charles Ammann, deceased. Decree of the Surrogate's Court of Westchester county, in so far as it terminates as of December 17, 1926, the trust created by the will and codicil, modified so as to provide that the dissolution of the marriage of Josephine Randall and Albert B. Randall on December 17, 1926, did not terminate the trust created by the ninth paragraph of the will and the second paragraph of the codicil, with costs to appellants, payable out of the estate, and matter remitted to the Surrogate's Court to enter a decree accordingly. The language of the last item of the ninth paragraph of the decedent's testament and the second paragraph of the codicil is plain and unambiguous. It does not authorize a turning over of the corpus to the daughter, Josephine Randall, except in one event, which is that her husband, Albert Randall, " shall predecease her." This event has not occurred. The dissolution of the marriage tie on December 17, 1926, does not terminate the trust under the language creating it. Assuming the language is ambiguous, the testimony adduced to shed light on the meaning of the language does not justify any different view. To adopt the construction of the petitioner would be to make a new will for the decedent. Adopting the petitioner's interpretation of the language in question would in a possible instance frustrate the decedent's intention (to preclude the husband from having any opportunity to control the corpus) in the event that a divorce ensued and a turn over was accomplished and the husband remarried the petitioner. The latter is not a fanciful notion, as appears from the companion appeal, *Matter of Amman, Appeal No. 2 (post*, p. 870), decided herewith. Present — Hagarty, Carswell, Johnston, Adel and Taylor, JJ.

In the Matter of the Application of JOSEPHINE RANDALL to Construe the Last Will and Testament of CHARLES AMMANN, Deceased. JOSEPHINE RANDALL, and FIRST NATIONAL BANK AND TRUST COMPANY OF TUCKAHOE, Substituted Trustee, etc., of CHARLES AMMANN, Deceased, Respondents; CARL AMMANN and GEORGETTA O. HARRIS, Appellants. (Appeal No. 2.) — In view of the decision in *Matter of Ammann, Appeal No. 1 (ante*, p. 870), decided herewith, the appeal herein is dismissed, without costs. Hagarty, Carswell, Johnston, Adel and Taylor, JJ., concur.

In the Matter of the Application of WILLIAM BECKMANN, Respondent, for a Peremptory Mandamus Order against CHARLES N. TALBOT, JR., Mayor, and WALTER D. BEAUMEL and Others, Composing the Village Board and Building Committee of the Incorporated Village of Island Park, Appellants.— Order grant-